UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 02-80056-Cr-Hurley/Vitunac

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JEREMY M. CARTER,

    Defendant.
_____/



FILED by _____ D.C.
APR 07 2010
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Order of Reference (DE 145) from United States District Judge Daniel T. K. Hurley referring Defendant's Motion for Injunction Regarding Return of Property (DE 144) for "the limited purpose of determining compliance with the prior, agreed upon settlement and not for the purpose of relitigating issues regarding the return of contraband, etc." The Government filed its Response (DE 146) on March 25, 2010. Defendant did not file a reply, and the time to do so has passed. The matter is ripe for review.

## BACKGROUND

On June 6, 2002, a jury convicted Defendant of bank robbery and illegal possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 2113(a) and 18 U.S.C. § 922(g)(1), respectively (DE 59). The Court sentenced Defendant to 262 months imprisonment, to be followed by 3 years of supervised release (DE 59). On July 13, 2003, the Eleventh Circuit affirmed Defendant's conviction (DE 90), after which Defendant filed a series of unsuccessful appeals and

1

motions challenging his conviction.[1]

On August 12, 2003, Defendant moved for the return of property seized by law enforcement agents during a vehicle search incident to his arrest (DE 94). On May 26, 2006, after engaging in extensive post-conviction litigation, Defendant moved the Court to adjudicate his outstanding motion for return of property (DE 130). The Court denied the motion by endorsed order (DE 131). Nearly two years later, on May 5, 2008, Defendant moved the Court for service of the Court's endorsed order denying his motion for return of property, the reasons why he was not served, and leave to appeal the Court's order (DE 132). In response, the Government agreed to return most of Defendant's property that was in FBI's custody (DE 140). On July 9, 2008, the undersigned issued a Report (DE 142) recommending that Defendant's motion be denied in part and granted in part. The Report acknowledged the Government's agreement to return property to which Defendant was entitled, and held that the remaining property should not be returned based on Defendant's convicted felon status, the Government's need for use of such items in future proceedings, or because the items constitute illegal contraband.

## PARTY CONTENTIONS

### Defendant's Motion

In his current Motion, Defendant claims that the Government has failed to comply with its agreement to return certain property belonging to Defendant. Defendant asserts that the Government did not return everything that was seized from his vehicle, as demonstrated in the FBI's search

---

[1] One of Defendant's habeas corpus proceedings is still ongoing. See Case No. 04-80853-Cv-Hurley. The most recent filing is a Court order, dated March 25, 2010, denying petitioner's omnibus motion for reassignment of case, for reconsideration of order denying motions for certificate of appealability, and to proceed in forma pauperis.

warrant return. Accordingly, Defendant asks the Court to order the Government to return the rest of his property, consisting of two ball style caps, a Cobra CB radio, a pair of handcuffs, three pairs of sunglasses, a room key, a W-2 form, two walkie talkies, and a fugitive recovery agent badge.

## Government's Response

In its Response, the Government maintains that it did not breach its agreement. The Government contends that a comparison of the parties' briefing pertaining to Defendant's original motion and the property return receipt attached to Defendant's Motion shows that the Government returned all the property that it agreed to return. According to the Government, most of the property sought by Defendant – two ball style caps, a Cobra CB radio, a pair of handcuffs, three pairs of sunglasses, a room key, a W-2 form, and a fugitive recovery agent badge – are items that Defendant never requested and the Government never agreed to return. Moreover, the Government adds, the FBI does not possess these items. The Government notes that while the FBI property list reflects two walkie talkies and a Sport Cat Twin Turbo scanner, these items are evidence of the underlying crime, which the Court held should not be returned.

## DISCUSSION

Consistent with the Order of Reference, the Court construes Defendant's Motion as a motion to compel the Government's compliance with the agreement between the Government and Defendant. The Court limits its analysis accordingly.

After reviewing the pertinent portions of the record, the Court finds that the Government is in full compliance with its prior agreement to return Defendant's property. In its response to Defendant's original motion to return property, the Government listed the property in the FBI's possession (DE 140, pp. 3-4). This property consisted of various articles of clothing, ammunition,

credit cards, walkie talkies, boots, miscellaneous accessories, various documents, cell phones, a blue canvas case, and a green suitcase. Notably missing from the list is most of the property now sought by Defendant, including the two ball style caps, the Cobra CB radio, the handcuffs, the three pairs of sunglasses, the room key, the W-2 form, and the fugitive recovery agent badge. As it did before, the Government states that it does not possess these items. As to the walkie talkies, the Government previously stated, and the Court held, that they need not be returned as they have evidentiary value and could be needed in future proceedings.[2]

The Defendant has no basis for arguing that the Government did not comply with its agreement. To the contrary, the Government returned all of the listed items, with the exception of those items constituting contraband, those items with continuing evidentiary value, and those items not belonging to Defendant. A comparison of the property return receipt attached to Defendant's Motion (DE 144, p. 7) and the list of property that the Government agreed to return (DE 140, pp. 3-4) shows that the Government returned all the property that it agreed to return. As such, Defendant's motion should be denied.

## RECOMMENDATION

Accordingly, because the Court finds that the Government complied with its prior agreement to return those items to which Defendant is entitled, the Court respectfully RECOMMENDS that the Defendant's Motion for Injunction Regarding Return of Property (DE 144) be DENIED.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation

---

[2] As previously noted, one of Defendant's habeas corpus proceedings is still ongoing. See Case No. 04-80853-Cv-Hurley.

4

with the Honorable United States District Judge Daniel T. K. Hurley, within fourteen days after being served with a copy. 28 U.S.C. § 636(b)(1)(C). Failure to file timely objections may limit the scope of appellate review of factual findings contained herein. United States v. Warren, 687 F.2d 347, 348 (11th Cir. 1982), cert. denied, 460 U.S. 1087 (1983).

DONE and SUBMITTED in Chambers at West Palm Beach in the Southern District of Florida, this 7 day of April, 2010.

ANN E. VITUNAC
UNITED STATES MAGISTRATE JUDGE

Copies to:
U.S. District Judge Daniel T. K. Hurley
AUSA Kerry Baron
Jeremy Marquise Carter, *pro se*